UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENDA L. MELENDEZ, *individually and as parent and natural guardian of J.C.*,<br><br>Plaintiff,<br><br>– against –<br><br>RICHARD CARRANZA, NEW YORK CITY DEPARTMENT OF EDUCATION, and NEW YORK STATE EDUCATION DEPARTMENT<br>Defendants. | **ORDER**<br><br>19 Civ. 8726 (ER) |
| BRENDA L. MELENDEZ, *individually and as parent and natural guardian of J.C.*,<br><br>Plaintiff,<br><br>– against –<br><br>RICHARD CARRANZA, and NEW YORK CITY DEPARTMENT OF EDUCATION,<br>Defendants. | **ORDER**<br><br>20 Civ. 823 (ER) |
| BRENDA L. MELENDEZ, *individually and as parent and natural guardian of J.C.*, CAROLYN MASON, *individually and as parent and natural guardian of A.D.*, and NAHOKO MIZUTA *and* KENTARO MIZUTA, *individually and as parents and natural guardians of Y.M.*,<br><br>Plaintiffs,<br><br>– against –<br><br>RICHARD CARRANZA, and NEW YORK CITY DEPARTMENT OF EDUCATION,<br>Defendants. | **ORDER**<br><br>20 Civ. 1464 (ER) |

Ramos, D.J.:

On March 5, 2020, the Court held oral argument and entered a stay in *Melendez v. Carranza* ("*Melendez IV*"), No. 20 Civ. 1464 (ER), pending the resolution of three cases currently being considered by the Second Circuit. *See* Minute Entry for Mar. 5, 2020; Doc. 12. The Department of Education (DOE) subsequently moved for a stay on the same grounds in two other related cases: *Melendez v. Carranza* ("*Melendez II*"), No. 19 Civ. 8726 (ER), Doc. 47; and *Melendez v. Carranza* ("*Melendez III*"), 20 Civ. 823 (ER), Doc. 17. Plaintiffs in *Melendez IV* then petitioned the Court to vacate the stay and re-open the case, as well as opposed the DOE's petition for a stay in *Melendez II* and *Melendez III*. The Court is in receipt of both parties' letters regarding this issue in all three cases. *See* 19 Civ. 8726, Docs. 47, 48, 51; 20 Civ. 823, Docs. 17, 18, 20; 20 Civ. 1464, Docs. 13, 15, 16.

"A stay is not a matter of right . . . [i]t is an exercise of judicial discretion." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926). The Court considers four factors when determining whether a stay is appropriate: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). At this point of the litigation, the DOE has satisfied these factors. The Court is not convinced that the Impartial Hearing Officer's order is final so as to constitute a pendency placement for purposes of triggering § 1415(j)'s so-called "automatic injunction." *See Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 86 F. Supp. 2d 354, 365 (S.D.N.Y. 2000); *Angamarca v. New York City Dep't of Educ*, No. 19 Civ. 2930 (PGG), 2019 WL 3034912, at *6 (S.D.N.Y. July 11, 2019); *Zvi D. by Shirley D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982).

Meanwhile, while it is obvious that the DOE may not recoup any funds it pays while awaiting a final SRO decision on the matter, there has been absolutely no showing of harm to any student.

The outcome in *Doe v. East Lyme Board of Education*, 790 F.3d 440 (2d Cir. 2015), is not to the contrary. There, the student's stay-put placement "was both the most recently implemented IEP and the last one agreed upon by the parties." 790 F.3d at 452. And in that case, "the Parent maintained that continuous placement during the pendency of th[e] litigation." *Id.* at 454. That is not the case we are confronted with here, where DOE adamantly contests that J.C. has remained in his last-agreed upon placement. The Second Circuit's decision in the three cases currently before it—*Mendez v. New York City Department of Education*, No. 19 Civ. 1852 (2d Cir. Aug. 15, 2019); *Paulino v. New York City Department of Education*, No. 19 Civ. 1662 (2d Cir. Aug. 15, 2019); and *Carrilo, et al. v. New York City Department of Education*, No. 19 Civ. 1813 (2d Cir. Aug. 15, 2019)—will indisputably grant clarity to this situation.

For the reasons stated above and on the record at the March 5, 2020 hearing in *Melendez IV*, Plaintiffs' motion to vacate the stay in *Melendez IV* is DENIED, and DOE's motions to stay *Melendez II* and *Melendez III* are GRANTED. The Clerk of Court is respectfully directed to terminate the motions, 19 Civ. 8726, Doc .47; 20 Civ. 823, Doc. 17; and 20 Civ. 1464, Doc. 13; and to issue a stay in *Melendez II*, 19 Civ. 8726, and in *Melendez* III, 20 Civ. 823.

SO ORDERED.

Dated: March 13, 2020
New York, New York

Edgardo Ramos, U.S.D.J.